[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The action was commenced by the plaintiff by complaint dated January CT Page 9560 31, 2000, where it is alleged that the defendant, a former landlord of plaintiff, failed to return plaintiffs security deposit plus accrued interest in connection with commercial rented space previously occupied by the plaintiff and vacated on August 31, 1999.
Subsequently, the defendant appeared by counsel, who filed an answer and counterclaim dated May 19, 2000. The answer was effectively a denial of the material allegations of the complaint. The counterclaim alleges that the plaintiff left the property in a state of damage and disrepair, failed to remove all fixtures and equipment and failed to leave the premises in the same condition it was in at the time of commencement of the lease, all in violation of the lease agreement. The defendant claimed (1) damages, (2) costs, (3) attorney's fees, and (4) such other relief as the court deemed equitable.
On May 24, 2000, plaintiff filed a request to revise defendant's counterclaim, requesting that the defendant include a statement regarding the amount in demand in accordance with Practice Book § 10-20[1]
and Connecticut General Statutes § 52-91.[2] The plaintiff specifically complained that the counterclaim, as pled, did not state whether the amount, legal interest or property in demand is greater than or less than $2500, $7500 or $15,000, or if the amount in controversy was based upon an express or implied promise to pay said sum. Plaintiff argued that the failure to provide this information left plaintiff to guess or hypothecate how much defendant was actually seeking as well as the basis of said claim as it would relate to the issue of an express or implied promise to pay any sum.
Defendant did not either comply with the request to revise or object thereto and the plaintiff, on July 3, 2000, filed a motion to strike defendant's counterclaim as (1) its claimed legal insufficiency for failure to comply with Practice Book § 10-20 and Connecticut General Statutes § 52-91, and (2) defendant's failure to comply with or object to plaintiffs request to revise dated May 24, 2000 within thirty days as required by Practice Book § 10-35.[3] Plaintiff claims that the failure of the defendant to comply with either the Practice Book or the statutory requirements entitles him to a motion to strike.
There is no question but that defendant's counterclaim does not contain a statement or statements which would satisfy the above cited rule and statute. The defendant argues that Practice Book § 10-20 requires a complainant in his underlying complaint to file a demand for relief separate from the complaint and therefore this provision is for complaints only and not counterclaims. Defendant further argues Practice Book § 10-10[4] sets forth the pleading requirements for supplemental pleadings including counterclaims, and since there is no CT Page 9561 provision in this section requiring a counterclaim to include a statement in amount of demand, the defendant's counterclaim is pled in compliance with the rules of practice.
Under the facts presented, there is no need to decide the issue of whether a counterclaim need comply with Connecticut Practice Book §10-20 and Connecticut General Statutes § 52-91. Defendant failed to either comply with or object to plaintiffs request to revise within thirty days and, in accordance with Connecticut Practice Book § 10-37
(a),[5] that request is deemed to have been automatically granted on the date of filing. The defendant is therefore under an obligation to comply with plaintiffs request to revise.
If the defendant fails to so comply, the proper procedure for the plaintiff is to file a motion for default or nonsuit pursuant to Connecticut Practice Book § 17-31.[6] Enquire Printing PublishingCo. v. O'Reilly, 193 Conn. 370, 378 n. 12, 477 A.2d 648 (1984). Gregoryv. Anson Getty, Inc., Superior Court, judicial district of New Haven, Docket No. 96087721 (Apr. 15, 1997, Levin, J.).
The motion to strike is not properly before the court and is therefore denied.
Resha, J.